IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TOTAL PETROLEUM PUERTO RICO CORP.,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**ARMANDO CLAUDIO QUINTANA, et al.,**<br><br>    **Defendants.** | **CASE NO. 16-2979 (GAG)** |

### TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff's renewed request for a Temporary Restraining Order ("TRO") seeking enforcement of its statutory rights under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a) & 1125(c), and the Petroleum Marketing Practice Act, 15 U.S.C. §§ 2801-2806 ("PMPA"). (Docket Nos. 1-2, 16.) It appears from the allegations in the Verified Complaint, Motion for Temporary Restraining Order and/or Preliminary Injunction, and Motion Resubmitting Request for Temporary Restraining Order that defendants Armando Claudio Quintana ("Claudio"), Betty Hernández Cruz ("Hernández") and their Conjugal Partnership ("Defendants") are continuing to use Plaintiff's trademarks and brand without authorization, failing to surrender property after being terminated as lessees, and evading service of process to attempt to avoid this Court's jurisdiction. Id. Defendants' illegal acts are causing immediate and irreparable harm to Plaintiff.

1

**Civil No. 16-2979 (GAG)**

### I. Standard of Review

A TRO is an extraordinary remedy that should not be granted unless the movant proves the following elements: (1) the likelihood of success on the merits; (2) the potential for irreparable harm to the movant; (3) the balance of the movant's hardship if relief is denied versus the nonmovant's hardship if relief is granted; and (4) the effect of the decisions on the public interest. See Ross Simons of Wardwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996); Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). Likelihood of success is the touchstone of the preliminary injunction inquiry. See Ross Simons, 102 F.3d at 16; Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993).

### II. Discussion

From the facts specified by Plaintiff in its Verified Complaint, Motion for Temporary Restraining Order and/or Preliminary Injunction, and Motion Resubmitting Request for Temporary Restraining Order, (Docket Nos.. 1-2, 14) Plaintiff made a strong showing of likelihood of success on the merits. Plaintiff argued and showed that: (a) Defendants were terminated as franchisees in compliance with the PMPA due to their failure to pay amounts owed and to operate the service station; (b) Defendants illegally continue to exercise control, use and display the TOTAL Brand, trademarks, color patterns, logo, and overall look and appearance at the property, which constitutes trademark infringement; (c) Defendants are displaying the TOTAL Brand, trademarks, color patterns, logo, and overall look and appearance at the property without fuel available for sale, which constitutes dilution and tarnishment; and (d) the TOTAL Brand, trademarks, color patterns, logo and overall look and appearance constitute a strong trademark, well known worldwide and in Puerto Rico, as the mark of the petroleum products, convenience store and gasoline service products and services marketed under said trademark.

Also, Plaintiff clearly showed that immediate and irreparable injury, loss, or damage will result absent a TRO. Plaintiff argued and showed that immediate and irreparable injury since: (a) Defendants' illegal acts are causing confusion as to the endorsement by and/or affiliation with Plaintiff; (b) Defendants' illegal acts are tarnishing and diluting the TOTAL Brand; (c) Plaintiff is suffering irreparable harm due to Defendants' failure to comply with the post-termination duties; (d) Plaintiff is suffering irreparable harm due to its exposure to environmental liability resulting from Defendants' illegal and unauthorized control over the underground storage tanks and plaintiff's inherent inability to ensure compliance with applicable rules and regulations; and (e) Plaintiff is suffering irreparable due to the inherent loss in market share, goodwill, and consumer endorsement resulting from Defendants' acts.

As to the remaining elements required for the issuance of a TRO, Plaintiff also demonstrated that it is entitled to a TRO since the balance of the equities dictate that, given the facts established in the Verified Complaint, it will significantly harm and deprive Plaintiff of its property rights absent a TRO and, alternatively, if a TRO issues, Defendants will have to assume the natural consequences of their actions, while retaining any claims for prosecution through an ordinary proceeding by means of a counterclaim. In similar fashion, Plaintiff sufficiently argued that the public interest can only be served by the preservation of contracts as legal binding instruments, the preservation and advancement of environmental laws and acts of Congress and avoiding consumer confusion.

In addition, Plaintiff's counsel also sufficiently certified in writing the efforts made to give notice to Defendants and the reasons why it should not be required at this point. After examining Plaintiff's "Urgent Motion to Inform of Service of Process, to Deem Defendants Submitted to the Jurisdiction of the Court", (Docket No. 14), it is abundantly clear that Defendants have actively

3

**Civil No. 16-2979 (GAG)**

attempted to evade personal service of process in order to avoid compliance with this Court's order at Docket 10. This Court ordered Plaintiff to serve summons and copy of all pleadings upon Defendants by November 18, 2016, and instructed Defendants to show cause on or before November 29, 2016, as to why a preliminary injunction should not issue. (Docket No. 10.) However, Defendants actively evaded personal service notwithstanding Plaintiff's considerable and repeated efforts to that effect. Plaintiff duly specified and sworn these facts in its "Urgent Motion to Inform of Service of Process, to Deem Defendants Submitted to the Jurisdiction of the Court."

From examining these facts, in exercise of the discretion granted to this Court, it is evident that a TRO is warranted without further notice to Defendants in order to avoid further irreparable harm upon Plaintiff. Through their evasive conduct, Defendants may not thwart this Court's jurisdiction and authority to issue timely remedies by simply attempting to evade service of process.

This Court concludes that Plaintiff has met the required elements for issuance of a TRO. Accordingly, in order to avoid further immediate and irreparable injury upon Plaintiff before their claim can be heard at a preliminary injunction hearing, the Court hereby **ORDERS**:

    A. That pending the preliminary injunction hearing and until further order of the Court, Defendants shall immediately:

        1) Surrender the Property to Plaintiff peacefully and orderly, as defined in the Verified Complaint, (Docket No. 1), along with its underground storage tanks and all equipment therein.

4

2) Comply with all post-termination covenants of the Franchise Agreements, as defined in the Verified Complaint, (Docket No. 1), which include payment of debts related to public utilities, employees, personnel, permits, or fees, and delivery to Plaintiff of a copy of the current usage permit and all of the licenses for the use, occupation, and/or operation of the property.

3) Refrain from using the TOTAL BRANDS, as defined in the Verified Complaint, (Docket No. 1), altering or covering the TOTAL BRANDS, promoting or advertising that Defendants were formerly a Plaintiff franchisee, using Plaintiff's operating manuals, training manuals, sales manuals and aids, advertising and promotional materials, and all trade secret and confidential and proprietary material delivered to Defendants pursuant to the franchise relationship.

4) Refrain from infringing, diluting and tarnishing the TOTAL TRADEMARK, as defined in the Verified Complaint, (Docket No. 1), goodwill, and reputation, or from otherwise using the TOTAL MARKS;

5) Surrender to Plaintiff all stationery, letterheads, forms, manuals, printed material, films, books, cassettes, videotapes, licensed software and advertising containing the TOTAL BRANDS, including, but not limited to, the proprietary TOTAL BRAND.

    6)   Refrain from tarnishing, obliterating, and disparaging all TOTAL signs at the Property which contain the TOTAL BRANDS or other identifying marks.

B. A hearing on Plaintiff's request to convert this TRO to a Preliminary Injunction will be held on **Monday, December 19, 2016 at 2 p.m. at the Old San Juan Courthouse, Courtroom 6.** Each party is responsible for its own interpreter services for the hearing, if necessary. The hearing date is firm and will not be continued.

C. In view of the facts of this case and Defendants' clear evasive behavior, this Court in its discretion hereby waives the posting of a bond. See <u>Crowley v. Local No. 82, Furniture & Paino Moving</u>, 679 F.2d 978, 1000 (1st Cir. 1982), rev'd on other grounds, 467 U.S. 526 (1984) (First Circuit recognition that district court has discretion to waive security bond requirement in "suits to enforce important federal rights or public interests.")

D. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, on two days' notice to Plaintiff, Defendants may appear and move for the dissolution or modification of this TRO.

E. The TRO will expire on **December 19, 2016**, unless within such time this order is extended for good cause shown and/or Defendants' consent to an extension.[1]

---

[1] The Court is cognizant of the fact that the expiration date of this TRO exceeds the 14-day term of Rule 65(b). The preliminary injunction hearing cannot be held at an earlier date because the undersigned will be

**Civil No. 16-2979 (GAG)**

    F.  Plaintiff shall serve personally upon Defendants on or before Friday, **December 2, 2016,** at noon, a copy of the instant order and a copy of all pleadings in this case. Defendants shall also notify copy of the instant order to attorney Juan C. Bigas via e-mail. Plaintiff shall thereafter notify the Court via informative motion.

**SO ORDERED.**

In San Juan, Puerto Rico this 30th day of November, 2016.

                                    *s/ Gustavo A. Gelpí*
                                    GUSTAVO A. GELPI
                                  United States District Judge

---

presiding over the municipal compliance hearings in <u>Watchtower v. Mun. of Aguada, et al.</u>, Case No. 16-1207(GAG) at the Luis A Ferré Federal Courthouse in Ponce, Puerto Rico from Wednesday, December 14th to the Friday, December 16th. The Court finds that having this hearing in San Juan would be more convenient for all. Consequently, because of compilations that could arise if the TRO expired days before the hearing, the Court finds good cause to extend the TRO.