IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**TOTAL PETROLEUM PUERTO RICO CORP.,**

**Plaintiff,**

**v.**

**ARMANDO CLAUDIO QUINTANA, et al.,**

**Defendants.**

CASE NO. 16-2979 (GAG)

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

Total Petroleum Puerto Rico Corp. ("Plaintiff") filed suit against Armando Claudio Quintana, Betty Hernandez Cruz, and their conjugal partnership (collectively "Defendants") under the Lanham Act, 15 U.S.C. § 1051 *et seq.,* after Plaintiff terminated Defendants' franchise agreement for the operation of a gas station.  (Docket No. 1.)  Plaintiff alleges that the termination of the franchise agreement complied with the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801 *et seq.*  Plaintiff moved for preliminary injunctive relief to end the alleged trademark violations and regain possession of certain property.  (Docket Nos. 2, 26 & 95.)  Defendants opposed. (Docket Nos. 18 & 92.)

Magistrate Judge Bruce McGiverin issued an elaborate and well-reasoned Report and Recommendation concluding preliminary injunctive relief should be granted.  (Docket No. 110.)  Pursuant to Local Rule 72(a), Defendants timely objected.  (Docket No. 113.)

Civil No. 16-2979 (GAG)

The Court has reviewed Magistrate Judge McGiverin's Report and Recommendation at Docket No. 110 and **ADOPTS** the same in its entirety.  As such, the Court **GRANTS** Plaintiff's motions for preliminary injunctive relief.  The Court's reasoning follows.

I.     **Standard of Review**

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B).  Parties may file objections to a Magistrate Judge's Report and Recommendation.  Rule 59(b) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, or at some other time the court sets, a party may serve and file specific written objections to the proposed findings and recommendations."  Upon a party's objection, the Court shall make a *de novo* review.

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(a)(b)(1). Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985).  Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. See Hernandez–Mejias v. General Elec., 428 F.Supp.2d 4, 6 (D.P.R. 2005).

Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." Templeman, 770 F.2d at 247.  Additionally, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." Davet v. Maccarone, 973 F.2d 22, 30–31 (1st Cir. 1992); Ramirez-Burgos v. United States, 990 F. Supp. 2d 108, 114 (D.P.R. 2013).

**Civil No. 16-2979 (GAG)**

The Court reviews an un-objected report and recommendation for plain error. See Douglass v. United Servs. Auto, Ass'n, 79 F.3d 1415, 1419 (5th Cir. 1996) (extending the deferential "plain error" standard of review to the un-objected to legal conclusions of a magistrate judge); see also Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir.1982) (appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error".)

**II.    Discussion**

The heart of the controversy between the parties rests upon the validity of Plaintiff's termination of the franchise agreement, pursuant to the PMPA.

On one hand, Plaintiff argues that the franchise agreement was validly terminated in compliance with the PMPA and, thus, contends preliminary injunctive relief is warranted to prevent Defendants from displaying Total's trademarks at the gas station and to allow Plaintiff to regain possession of the gas station, property and the equipment maintained at the property. (Docket No. 110 at 5-6.)  Defendants concede that Plaintiff should be allowed "to remove any trademarks from the" property, however resist as to Plaintiff's request for injunctive relief arguing that said franchise agreements are void.  Id.  Defendants also concede that injunctive relief is warranted as to Plaintiff's Lanham Act claims.  Id.

The Magistrate Judge's Report and Recommendation discusses the factors that must be weighed by the Court when ruling upon a motion for preliminary injunction.  First, Judge McGiverin analyzes the likelihood of success of the merits of Plaintiff's termination of the franchise agreement under the PMPA, addressing the different grounds in which a franchisor may terminate a franchise relationship as per 15 U.S.C. §§ 2802(b)(2)(c). (Docket No. 110.) Magistrate Judge McGiverin found the likelihood of success in Plaintiffs favor, concluding that Plaintiff's

**Civil No. 16-2979 (GAG)**

proffered grounds for the termination of the franchise agreement "provide ample basis to terminate a franchise relationship governed by the PMPA, Total had adequate cause to terminate the Total-Claudio franchise relationship." (Docket No. 110.) By the same token, Judge McGiverin reasoned that Defendants proffered insufficient evidence of *dolo* or evidence of Plaintiff's intentional fault. (Docket No. 110 at 9.)    Then, the magistrate judge turned to the remaining factors; irreparable harm, balance of hardships and public interest and found these too weighed in Plaintiff's favor.

Defendants' objection to the Magistrate Judge's Report and Recommendation fails to comply with the procedural requirements of FED.R.CIV.P. 72(b) and Local Rule 72(d). Defendants' lengthy objection merely rehashes its legal conclusions yet fails to address the specific portions of the Report and Recommendation that they "object".   Consequently, Defendants failed to identify any issue for this Court to consider and has further waived their right to appellate review. See Velez–Padro v. Thermo King De Puerto Rico, Inc., 465 F.3d 31, 32 (1st Cir. 2006) ("Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b).") (internal citations omitted).

The Court's review of the record finds no clear error in Magistrate Judge McGiverin's factual findings and legal conclusions.  Accordingly, Magistrate Judge McGiverin's Report and Recommendation is **ADOPTED** *in toto*.

### III.    Injunctive Relief

The Court **ORDERS** Plaintiffs Armando Claudio Quintana, Betty Hernandez Cruz, and their conjugal partnership, to:

**Civil No. 16-2979 (GAG)**

(1) Surrender the property located at 113 Font Martelo Avenue, Humacao, the gas station at that property, and the equipment—including the two underground storage tanks—at the property;

(2) Comply with all other post-termination covenants of the Franchise Agreement; and,

(3) Cease the use or display of the "TOTAL" trademark.

**SO ORDERED.**

In San Juan, Puerto Rico this 27th day of July, 2017.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge